[Civ. No. 1227. Fifth Dist. Sept. 30, 1970.]

MELVIN W. LOWE et al., Plaintiffs and Appellants, v.
RAYMOND G. THOMAS et al., Defendants and Respondents.

COUNSEL

D. Wendell Reid for Plaintiffs and Appellants.

Frederic A. Jacobus for Defendants and Respondents.

## OPINION

**STONE, P. J.**—Appellants husband and wife, plaintiffs below, sustained personal injuries and property damage in a multiple-vehicle collision which occurred on the foggy night of January 4, 1964, near the overpass interchange of Highway 99 and state Highway 198. It is designated as Goshen Interchange and is in the County of Tulare, near the Visalia airport. Nearly one year after the accident, December 30, 1964, appellants filed an action in the Fresno County Superior Court naming respondents as defendants, along with others. Respondents filed a motion to dismiss for want of prosecution, under Code of Civil Procedure section 583 which, at all times pertinent, read in relevant part: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial, . . ."

Appellants appeal, claiming there was an abuse of discretion by the trial court in dismissing the action.

■ Since the determination rests in the trial court, the dismissal will not be disturbed unless a manifest abuse of such discretion is shown. (*Hayashi* v. *Lorenz*, 42 Cal.2d 848, 851 [271 P.2d 18].) The chronology of events is as follows:

Accident, January 4, 1964.
Complaint filed December 30, 1964.
Respondents served December 6, 1967.
Respondents answered January 5, 1968.
Appellants filed "at issue" memorandum September 18, 1968.
Set for trial on July 21, 1969.
Respondents' motion to dismiss filed March 6, 1969.
Motion granted March 27, 1969.
Final order of dismissal April 15, 1969.

Thus the total time elapsed from the filing of the complaint to filing the motion for dismissal is four years, two months and six days, far exceeding the two-year minimum specified in section 583.

■ A plaintiff may show good cause for delay and if the cause is reasonable, in a legal sense, dismissal would constitute an abuse of discretion on the part of the trial judge. (See *Denham* v. *Superior Court*, 2 Cal.3d 557 [86 Cal.Rptr. 65, 468 P.2d 193]; *Brown* v. *Superior Court*, 7 Cal.App.3d 366 [86 Cal.Rptr. 670].) However, the burden is upon a plaintiff to justify his delay in bringing the case to trial (*Price* v. *Grayson*,

276 Cal.App.2d 50, 52 [80 Cal.Rptr. 602]; *General Ins. Co.* v. *Superior Court,* 245 Cal.App.2d 366, 368 [53 Cal.Rptr. 777]), and it is his duty "at every stage of the proceedings to use diligence to expedite his case to a final determination." (*Raggio* v. *Southern Pac. Co.,* 181 Cal. 472, 475 [185 P. 171]; *Clinton* v. *Joshua Hendy Corp.,* 244 Cal.App.2d 183, 188 [52 Cal.Rptr. 875].)

■    Moreover, it is held in *Membrila* v. *Vonett Sales Co.,* 250 Cal. App.2d 299, at page 300 [58 Cal.Rptr. 544]: "Section 583 *requires* a dismissal of an action if it is not brought to trial within five years after it is commenced, and *authorizes* a dismissal, within the discretion of the trial court if it is not brought to trial within two years. As the time passes from two years nearer and nearer to five, the showing required to justify a failure to bring a case to trial grows greater and greater."

Here, in the face of four years and two months' elapsed time between the filing of the complaint and the order of dismissal, or three years and ten months from the filing until the memorandum to set, a heavy burden is upon appellants' counsel to demonstrate that the trial judge abused his discretion in dismissing the action.

Appellants' counsel does not deny there was great delay at every stage of the case; he emphasizes the delay and uses it as an illustration of his basic, indeed his only, argument for reversing the trial court, namely, that his clients were impecunious and could not afford to pursue investigative procedures or pretrial discovery in order to prepare the case for trial. There is nothing in the record other than the declaration of appellants' counsel that his "clients, Melvin W. Lowe and Melvina J. Lowe, are poor people," to demonstrate that appellants are indigent, but respondents did not deny the allegation and we accept it as correct.

A similar argument was made by a dilatory plaintiff in *Rodde* v. *Trousdale Constr. Co.,* 276 Cal.App.2d 419 [80 Cal.Rptr. 774], and the reviewing court observed, at page 422: "We are not referred to any reported decision, nor do we know of one, which in light of circumstances similar to those at bar gives even lip service to the concept that lack of economic resources is sufficient excuse for failure to prosecute with diligence."

In a later case, *Martindale* v. *Superior Court,* 2 Cal.3d 568 [86 Cal. Rptr. 71, 468 P.2d 199], the Supreme Court did take financial hardship into account in reversing a dismissal pursuant to Code of Civil Procedure section 583, although the proposition was presented in a somewhat different posture from that posited in the case at bench.   ■    For the purpose of

this opinion, however, we accept the premise, arguendo, that poverty may be considered as one circumstance in the totality of facts presented in determining whether the court abused its discretion in granting a dismissal. For reasons to follow, we conclude that the delay in this case cannot be justified upon that ground.

Appellants' counsel has not shown that he utilized normal, inexpensive investigative procedures that any attorney should take regardless of his client's financial circumstances. He said his clients were not aware of all of the parties involved in the accident or just who was responsible for the collision and their damages, and as they were unable to bear the expense for a professional investigator he decided to wait until other parties involved in the multi-vehicle collision filed actions. He planned to take advantage of their discovery proceedings in order to obtain needed information about the accident.

The record reflects that other actions were filed, one in Tulare County and two in Los Angeles County, and that the Los Angeles County actions were transferred to Tulare County where the three cases were consolidated for trial. Extensive discovery proceedings were taken in these actions, which were set for trial on December 11, 1967. All three cases were settled the first day of trial, which was approximately three years after the complaint was filed in the instant case and just five days after appellants' counsel got around to serving respondents. During the intervening three years between the time of filing the complaint and serving respondents, it appears that appellants' counsel did nothing in furtherance of his clients' lawsuit. He says he had no way of knowing that two actions were filed in Los Angeles County and transferred to Tulare County, and that a third action was filed in Tulare County. Despite correctly describing the location of the accident as the interchange of Highway 99 and state Highway 198, which is in Tulare County, counsel alleged that it occurred north of Fresno, some 40 miles away. A simple, inexpensive inquiry as to the location of the interchange of highways and overpass described in his complaint would have revealed to him that the accident occurred in Tulare County, a fact reflected by the California Highway Patrol investigative report. A check from time to time with the County Clerk of Tulare County would have revealed whether any actions involving persons named in the patrolman's report had been filed in the county. The report also listed the names and addresses of participants and witnesses in the multiple-vehicle collision, but counsel apparently made no effort to contact these people by letter or telephone. Unfortunately counsel has made no declaration for the record that he made these inexpensive, rudimentary inquiries. It is significant that the very depositions and other discovery procedures he says he was waiting for were

taken, but through inaction he missed them, at least he has failed to state that he took any steps to learn of them.

Had counsel been reasonably and ordinarily diligent he could have had appellants' case transferred to Tulare County and consolidated for trial along with the other three that were settled. He did not do so, and respondents objected in the trial court to being forced to repeat discovery and go to trial long after the accident occurred when appellants' action could have been set for trial along with the three other actions on December 11, 1967.

The tenor of this whole case is contained in the following declaration of appellants' counsel: "It was anticipated there would be other lawsuits growing out of this accident but none *came* to the attention of this declarant or his clients until the case in Visalia, in the Visalia court, prosecuted by Clifford O. Richter and the occupants of his car, in the early part of December, 1967." (Italics added.) Counsel simply waited for someone to call other actions to his attention.

It was not until some four years after the accident occurred and three years after he filed this complaint that counsel for appellants continued the prosecution of the action. In the circumstances, we cannot say the trial judge abused his discretion in dismissing the action because of appellants' failure to bring their action to trial within a reasonable time.

The order of dismissal is affirmed.

Gargano, J., and Coakley, J., concurred.