[Civ. No. 53719. Second Dist., Div. Three. Jan. 29, 1979.]

REGAN DISTRIBUTORS, INC., et al., Plaintiffs and Appellants, v. YUROSEK & SON, INC., et al., Defendants and Respondents.

COUNSEL

J. Albert Hutchinson for Plaintiffs and Appellants.

Selvin & Weiner and Paul P. Selvin for Defendants and Respondents.

**OPINION**

COBEY, J.—Plaintiffs, Regan Distributors, Inc., and Paragon Produce, Inc., appeal from a discretionary judgment of dismissal dated November 10, 1977 (Code Civ. Proc., § 581d) of their action against the just-named corporate defendants and codefendants for monetary and other relief for alleged breach of an exclusive contract of distribution of farm products. The dismissal was made pursuant to Code of Civil Procedure section 583, subdivision (a), for want of prosecution. The sole question presented is whether the dismissal constitutes an abuse of discretion.

### CHRONOLOGY

Plaintiffs filed their first complaint initiating this action on August 13, 1973. Defendants' demurrers to this complaint were sustained on October

30, 1973, with 30 days being granted within which to amend.[1] Plaintiffs, though, did not file their amended complaint until January 2, 1974—an approximate month's delay. Thereupon defendants timely demurred on January 30, 1974, to this complaint (see Code Civ. Proc., § 430.40, subd. (a)) and moved to strike portions thereof. At plaintiffs' request, however, the parties stipulated in writing on February 8, 1974, that these matters might go off calendar subject to being reset on 10 days' notice. As a consequence of this stipulation and a month's further delay chargeable to defendants and to the court, these matters were not heard until November 25, 1974. By formal written order dated December 18, 1974, general demurrers to the second and third alleged causes of action of this complaint, and certain special demurrers thereto were sustained, but defendants' motion to strike was denied. In this order 20 days were granted for further amendment to plaintiffs' complaint. The order also contained specific discovery provisions with which plaintiffs were directed to comply.

Plaintiffs' second amended complaint was not filed, however, until July 9, 1975. As early as January 21, 1975, defendants' counsel reminded plaintiffs' counsel that plaintiffs' time to replead had run, but counsel for plaintiffs responded that he might choose to stand on plaintiffs' amended complaint. Thereafter defendants' counsel, at plaintiffs' counsel's request, informally granted plaintiffs an extension of time within which to replead until after April 1, 1975. Then opposing counsel became occupied in trying to negotiate informally plaintiffs' compliance with the discovery portions of the December 18, 1974, order and to reconcile their differing views as to which should occur first—the ordered discovery or the repleading. Finally, at the end of May 1975 plaintiffs' counsel advised defendants' counsel that, among other things, he would not seek extraordinary review of the December 18, 1974, order and would amend his complaint as therein authorized.

On September 5, 1975, defendant, Michael Yurosek & Son, Inc., answered a few days late the first cause of action of plaintiffs' second amended complaint and all defendants demurred to the other four causes of action thereof.[2] The hearing of these demurrers, originally set by defendants' counsel for September 17, 1975, was taken off calendar, at

---

[1]The hearing of these demurrers was continued for 30 days at plaintiffs' request.

[2]Service of this pleading upon defendants was accomplished at least by July 24, 1975. Thereafter plaintiffs' counsel informally granted to defendants' counsel an extension of time in which to respond to this pleading to August 31, 1975.

plaintiffs' counsel's request, to be reset by mutual agreement thereafter for November 13, 1975. This continued hearing, though, was also taken off calendar, again at plaintiffs' counsel's request, to be reset after plaintiffs filed their papers in opposition to these demurrers.

The pleading phase of this case then lay dormant for over a year. On December 17, 1976, plaintiffs' counsel suddenly sent to defendants' counsel a copy of plaintiffs' third amended complaint that plaintiff was then filing. No prior permission for such filing had, however, been obtained from the court. (See Code Civ. Proc., § 472.) Aside from two telephone conversations between counsel and letters confirmatory thereof, nothing further of consequence happened in this case until the middle of August 1977 when plaintiffs' counsel set defendants' aforementioned demurrers to the second amended complaint for hearing on September 1, 1977.[3] The trial court, on its own motion, advanced this hearing to August 26, 1977, granted plaintiffs leave to file their third amended complaint as of that date and granted to defendants 30 days to respond to the new pleading.

On September 26, 1977, defendants moved, pursuant to section 583, subdivision (a), to dismiss the instant action on the ground that over four years had elapsed since plaintiffs filed their initial complaint, the case was still not at issue and plaintiffs' delay in bringing the action to trial was unreasonable and inexcusable. The trial court considered this motion, defendants' papers in support thereof, and plaintiffs' untimely opposition thereto (filed Nov. 9, 1975) (see Cal. Rules of Court, rule 203.5(b)), and heard argument on the matter on November 10, 1977. It then granted the motion and thereafter made and entered the judgment of dismissal under appeal.

DISCUSSION

■ This case had been in court approximately four and one-fourth years when it was dismissed. It had not advanced procedurally through the pleading stage. Plaintiffs were over a month tardy in repleading after defendants' demurrers to their initial complaint were sustained. They were over six months late in repleading after defendants' demurrers to their amended complaint were sustained and they did not set defendants'

[3]At oral argument defendants' counsel reminded us that on December 27, 1976, opposing counsel had agreed with him that his failure then to move to strike the third amended complaint would not be used against him.

demurrers of September 5, 1975, to their second amended complaint for hearing until the middle of August 1977.[4] In deciding whether the dismissal before us constitutes an abuse of discretion, we have to decide whether such a conclusion is compelled by the four to three decision of our supreme court in *General Ins. Co.* v. *Superior Court* (1975) 15 Cal.3d 449 [124 Cal.Rptr. 745, 541 P.2d 289], as interpreted and extended by *Meraia* v. *McCann* (1978) 83 Cal.App.3d 239, 243 [147 Cal.Rptr. 756], a case this division decided some six months ago.

In *General Insurance* a majority of our supreme court held that a written agreement indefinitely extending time to answer reflected the mutual intent of the parties thereto to defer all proceedings and that such intent must be enforced. (*General Ins. Co.* v. *Superior Court, supra,* 15 Cal.3d at pp. 454-456.) In *Meraia* this division held that under Code of Civil Procedure section 583, subdivision (a), the subdivision at issue here, a written stipulation identical to that construed in *General Insurance,* excused during its existence any lack of diligence on the part of a plaintiff. (*Meraia* v. *McCann, supra,* 83 Cal.App.3d at pp. 243, 246.)[5]

In this case, at plaintiffs' request, the parties stipulated in writing on February 8, 1974, that the hearing of defendants' demurrers to plaintiffs' amended complaint might go off calendar subject to being reset on 10 days' notice and that largely as a result of this stipulation these demurrers were not formally ruled upon until December 18, 1974. Similarly, defendants' demurrers to the second amended complaint, originally set for hearing on September 17, 1975, were not heard until August 26, 1977, because, as already noted, defendants' counsel advised plaintiffs' counsel in writing that this hearing might be deferred until after plaintiffs filed their papers in opposition to these demurrers.

---

[4]Defendants had informally agreed in writing with plaintiffs, through counsel, that plaintiffs might reset the hearing on these demurrers when they had prepared their opposition thereto.

During this four and one-fourth-year period plaintiffs also did little either in the way of their own discovery or in complying with the discovery that the court ordered on behalf of defendants. At the start of 1974 plaintiffs filed a request for admission and two accompanying interrogatories and noticed three depositions. They partially took but one deposition. Defendants' objections to their request for admission were sustained. Plaintiffs never complied fully with the discovery ordered in the aforementioned formal order of December 18, 1974.

[5]The written stipulations between counsel construed in *General Insurance* and *Meraia* were informal in nature. They were embodied in correspondence between counsel. (See *General Ins. Co.* v. *Superior Court, supra,* 15 Cal.3d at p. 452, and *Meraia* v. *McCann, supra,* 83 Cal.App.3d at p. 241.)

It seems to us that defendants' counsel informally granted to plaintiffs' counsel in writing an open-ended extension of time for the hearing of these demurrers and therefore under the rationale of *General Insurance* and *Meraia* this approximate two-year delay in the procedural phase of this case cannot be charged against plaintiffs for the purpose of upholding the discretionary dismissal before us.

We do not like this result. We think that it violates the fundamental principle that it is a plaintiff's duty at every stage of civil litigation to expedite his case to a final determination (see *Lowe* v. *Thomas* (1970) 11 Cal.App.3d 867, 869-870 [90 Cal.Rptr. 202]), and that it may discourage informal accommodation between busy counsel. But under *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937], we appear to have no choice.

### DISPOSITION

The judgment under appeal is reversed.

Klein, P. J., concurred.

**ALLPORT, J.**—I dissent. Once again the undersigned is asked to subscribe, under compulsion of *General Ins. Co.* v. *Superior Court* (1975) 15 Cal.3d 449 [124 Cal.Rptr. 745, 541 P.2d 289], to an opinion conceded by the majority to give rise to not only a bad result but to do violence to fundamental legal principles. In my opinion *General Ins. Co.* should not and need not be extended under the facts of the instant case to compel an obvious injustice.

The rationale of *General Ins. Co.* appears to be that a written agreement indefinitely extending the time for which *defendant* was obligated to file responsive pleadings excused during its existence any lack of diligence on the part of plaintiff. In each case the primary benefit of the agreement flowed to the defendant. In the case at bar, every substantial extension of time for a party to perform some function of going ahead with the litigation was made to accommodate *plaintiffs*. The record is replete with instances where defendants attempted to move along the litigation but were frustrated by plaintiffs' requests for delays. For this reason I believe *General Ins. Co.* is factually distinguishable and should not be deemed to control our decision in the case at bench.

A petition for a rehearing was denied February 20, 1979, and respondents' petition for a hearing by the Supreme Court was denied March 29, 1979.