[Civ. No. 19170. Third Dist. Aug. 26, 1981.]

GEORGE GENTRY, Plaintiff and Appellant, v.
CALMAR Z. NIELSEN et al., Defendants and Respondents.

COUNSEL

W. J. Cossette for Plaintiff and Appellant.

Hardy, Erich & Brown, Robert H. Zimmerman and Leo H. Schuering, Jr., for Defendants and Respondents.

OPINION

**BLEASE, J.**—Plaintiff George Gentry appeals from a judgment of dismissal entered after the Placer County Superior Court granted defendants' motion to dismiss based upon Gentry's failure to bring the action to trial within five years from the date upon which the action was filed. (Code Civ. Proc., § 583, subd. (b).)[1] We hold that the *mere* granting of an open extension of time to answer, which is exercised two years prior to the expiration of the five-year dismissal period of section 583, subdivision (b), does not waive or toll the statutory period where the plaintiff had the opportunity to bring the case to trial within the period and his failure to do so was in no way related to the extension of time. We affirm the judgment.

FACTS

On September 16, 1974, Gentry filed a complaint in the Sacramento County Superior Court charging defendants (Drs. Calmar Nielsen and

[1]All statutory references are to the Code of Civil Procedure unless otherwise indicated.

Robert Henrichsen), among others, with negligence in the rendering of medical care and treatment to Gentry. Personal service was not made upon either of them until March 1977. Shortly after service, the parties stipulated in writing to an open extension of time within which defendants could respond to the complaint. Defendants filed answers six months later, in September of 1977. In June of 1978 the parties stipulated in writing that venue be transferred to Placer County Superior Court, which acknowledged receipt of case documents in September 1978. On April 16, 1979, counsel for Gentry and defendants were notified by the court that the trial was tentatively scheduled to commence on October 9, 1979, and that they were permitted, until April 26, 1979, to notify the court if the trial date was unacceptable. Neither side objected to the scheduled trial date. The five-year period from the time of filing the complaint expired on September 16, 1979, and on September 24, 1979, defendants moved to dismiss the action based upon Gentry's failure to bring the action to trial within the five-year period. (See § 583, subd. (b).)

## DISCUSSION

### I

■ Gentry claims that the stipulation for an open extension of time to plead, which was terminated by the filing of an answer two years before expiration of the five-year period of section 583, subdivision (b), automatically operated to toll or waive its provisions. We disagree.

Subdivision (b) of section 583 provides that "[a]ny action ... shall be dismissed by the court ... unless [it] is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended...." It is one of a number of dismissal statutes [e.g., §§ 581a, 583, subd. (a)] which, like statutes of limitation, "promote the trial of cases before evidence is lost, destroyed, or the memory of witnesses becomes dimmed. The statutes protect defendants from being subject to the annoyance of an unmeritorious action remaining undecided for an indefinite period of time." (*General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88, 91 [52 Cal.Rptr. 460, 416 P.2d 492].) They are designed to encourage diligence in the presentation of an action once it is filed. (*Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714, 719-720 [170 Cal.Rptr. 790, 621 P.2d 829]; see *Raggio* v. *Southern Pacific Co.* (1919) 181 Cal. 472, 475 [185 P. 171].)

While section 583, subdivision (b), provides for an extension of its provisions, "[t]o serve as such an extension the stipulation *must be written and extend in express terms the time of trial to a date beyond the five-year period or expressly waive the right to a dismissal.*" (Italics added.) (*J. C. Penney Co. v. Superior Court* (1959) 52 Cal.2d 666, 669 [343 P.2d 919]; *Taylor v. Shultz* (1978) 78 Cal.App.3d 192, 196 [144 Cal.Rptr. 114].)

Gentry relies upon *General Ins. Co. v. Superior Court* (1975) 15 Cal.3d 449, in which the court reversed a judgment of dismissal entered following the expiration of the three-year statutory period of section 581a, subdivision (c), notwithstanding that an open extension of time to answer remained in effect. Relying on cases construing section 583, the court said: "A written agreement extending time to answer reflects mutual intent to defer the proceedings and must be enforced. It would be unconscionable to permit a plaintiff, after he had granted a defendant time to answer, to take default judgment during the extension. Expressly excusing the duty to answer, the agreement impliedly stays the power of the plaintiff to take default. [¶] Having by the instant written agreement precluded plaintiff from taking a default judgment prior to expiration of the three-year period, petitioner may not now rely on plaintiff's failure to take default to obtain dismissal of the action." (Fn. omitted.) (*Id.*, at p. 455.)

Contrary to Gentry's claim, *General Ins. Co.* does not establish a per se rule which automatically tolls the five-year statute for any period during which, as applied to section 583, an open extension of time to answer remains in effect.[2]

*General Ins. Co.* rests upon interwoven principles of contract and equitable estoppel. The "written agreement extending time to answer"

---

[2]There is language in *Meraia v. McCann* (1978) 83 Cal.App.3d 239 [147 Cal.Rptr. 756] and *Regan Distributors, Inc. v. Yurosek & Son, Inc.* (1979) 88 Cal.App.3d 924 [152 Cal.Rptr. 127], which suggests the contrary. We distinguish them on their facts. In both cases, the dismissal period had expired during an open extension of time to plead. In *Meraia* the defendant moved to dismiss the action *on the same day* that he filed the answer (at plaintiff's request) which terminated the open extension. In *Regan* the defendants sought dismissal under the two-year discretionary dismissal provision of section 583, subdivision (c), notwithstanding that four years had elapsed at the pleading stage during which an open extension of time for the hearing of demurrers accounted for two years of delay. *Meraia* correctly points out that it is only the "lack of diligence on the part of the plaintiffs *prior to* the termination of the open ended extension of time to plead" which is excused. (*Meraia v. McCann, supra*, 83 Cal.App.3d at p. 246.)

implies a "mutual intent to defer the proceedings and must be enforced." It is also "unconscionable to permit a plaintiff ... to take default judgment during the extension" and similarly unconscionable for a defendant to "rely on plaintiff's failure to take default to obtain dismissal of the action." (General Ins. Co. v. Sup. Court, *supra*, 15 Cal.3d at p. 455.)

General Ins. Co. does not say that every agreement "to defer the proceedings" extends a statutory deadline. It reaffirmed the rule of *J. C. Penney Co.* v. *Superior Court, supra*, 52 Cal.2d 666, 669, that *"merely* extending the time of trial to sometime *within* the five-year term— absent a showing the parties intended otherwise—will not extend the deadline." (Italics added.) (*Id.*, at p. 455.) Similarly, it distinguished *City of Los Angeles* v. *Superior Court* (1921) 185 Cal. 405, on the ground that "[t]he express provision excluding one year from the computation of the period to bring to trial [which expired prior to the five-year period] precludes inferring a further extension [beyond the five years]." (*General Ins. Co.* v. *Superior Court, supra*, 15 Cal.3d at p. 455, fn. 3.) The *City of Los Angeles* case, following *Larkin* v. *Superior Court* (1916) 171 Cal. 719 [154 P. 841], said: "In the absence of [an] express stipulation or equitable estoppel the rule ... is that no such extension of time can be inferred from a stipulation fixing a trial date or granting continuances for periods within the five years, under circumstances which do not preclude the plaintiff from bringing the cause to trial within the prescribed time, notwithstanding such stipulated delay." (*City of Los Angeles* v. *Superior Court, supra*, 185 Cal. at p. 412.)

In both the *J. C. Penney* and the *City of Los Angeles* cases, the proceedings were deferred to a time *within* the five-year period. As *General Ins. Co.* stated regarding *City of Los Angeles*: "[I]n that case the plaintiff could bring the cause to trial within the five-year period while performing the agreement, whereas in the instant case default could not be obtained [by the plaintiff] without either terminating the agreement or violating its implied term." (*General Ins. Co.* v. *Superior Court, supra*, 15 Cal.3d fn. 3 at p. 455.) Similarly, the plaintiff here could bring the cause to trial while performing the agreement because the open extension of time was terminated *by action of the defendant* under circumstances giving the plaintiff ample time to bring the case to trial.

A critical fact in *General Ins. Co.* is that "the stipulation remained in force at expiration of the period" because the *defendant* had not an-

swered. (*General Ins. Co.* v. *Superior Court, supra*, 15 Cal.3d at p. 455.)[3] The plaintiff, in reliance upon the extension, was thus precluded from bringing his case to trial within the statutory period. But here, the termination of the extension carried with it no implied intent to automatically extend the five-year period by the period of effective extension and the plaintiff makes no claim that he believed at the time that it did. We conclude, relying by analogy upon the *J. C. Penney* and *City of Los Angeles* cases, that the *mere* granting of an open extension of time to answer, which is exercised *within* the statutory period, does not extend the period under circumstances which do not preclude the plaintiff from bringing the case to trial within the prescribed time.

Application of the equitable strand of *General Ins. Co.* to this case does not alter the result. In *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 437-438 [96 Cal.Rptr. 571, 487 P.2d 1211], the court applied principles of equitable estoppel to preclude dismissal under section 581a where the defendant misled the plaintiff into thinking that further service of process was unnecessary because of its request for an open extension of time in which to plead. A similar result under section 583, subdivision (b), was obtained in *Woley* v. *Turkus* (1958) 51 Cal.2d 402, 409 [334 P.2d 12]. *General Ins. Co.* found it "unconscionable," in the language of equity, to permit the defendant to profit by exploitation of the plaintiff's largess. (See also *Garza* v. *Delano Union Elementary School Dist.* (1980) 110 Cal.App.3d 303, 313 [167 Cal.Rptr. 629] ["The stipulation invoked or rather lulled a sense of security against dismissal."].) Here, defendants did *not* take advantage of the open extension to preclude the plaintiff from taking their default within the five-year period. The open extension was exercised by answer and was thereby terminated two years before expiration of the five-year period of section 583. Gentry had ample opportunity in the two-year period to bring the case to trial. Six months prior to the expiration of the five-year period Gentry was given notice of a trial date outside the applicable period, yet he failed to bring this fact to the attention of the

---

[3]This fact was not deemed controlling in *Farrar, Herrick & Associates* v. *Safecare Co.* (1981) 115 Cal.App.3d 123, 129-130 [171 Cal.Rptr. 191]. In *Farrar* the extension of time to file a responsive pleading was withdrawn some 18 months before dismissal. However, two facts distinguish *Farrar* from this case. First, the court found that Safecare had no standing to move for a dismissal because the plaintiff had previously taken its default, which had not been set aside. Second, the court remanded the case so that the trial court could exercise its discretion to determine on the facts of the case whether there was a lack of due diligence justifying dismissal.

court so that a new trial date could be set within the period.[4] His failure was in no way related to the extension.

To conclude that *General Ins. Co.* has set forth a mechanical and inflexible exception to the mandatory dismissal statutes is inconsistent with the principle that, in applying these statutes, "'[e]ach case must be decided on its own particular facts, and no fixed rule can be prescribed to guide the court in its exercise of this discretionary power under all circumstances.'" (*Smith* v. *Herzer* (1969) 270 Cal.App.2d 747, 751 [76 Cal.Rptr. 77], quoting *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 740-741 [329 P.2d 489]; see also *General Motors Corp.* v. *Superior Court, supra*, 65 Cal.2d at p. 96; *Woley* v. *Turkus, supra*, 51 Cal.2d at p. 407; *Knapp* v. *Superior Court* (1978) 79 Cal.App.3d 799, 803 [145 Cal.Rptr. 154]; *Nail* v. *Osterholm* (1970) 13 Cal.App.3d 682, 686 [91 Cal.Rptr. 908].) ■ While phrased in mandatory language, the mandatory dismissal statutes are subject to implied exceptions which may be applied within the discretion of the trial court. (*J. C. Penney Co.* v. *Superior Court, supra*, 52 Cal.2d at p. 671; *Rose* v. *Knapp* (1951) 38 Cal.2d 114, 117 [237 P.2d 981].) The trial court must examine, however, the duty which a plaintiff owes to diligently expedite his case in the light of the circumstances claimed to prevent the plaintiff from bringing the case to trial within the applicable period. (*Hocharian* v. *Superior Court, supra*, 28 Cal.3d at pp. 719-723; *Wyoming Pacific Oil Co.* v. *Preston, supra*, 50 Cal.2d at pp. 740-741.) Such a process permits the court to review not only what the parties said but what they did. (See *Farrar, Herrick & Associates* v. *Safecare Co.* (1981) 115 Cal.App.3d 123, 131 [171 Cal.Rptr. 191].)

The trial court correctly exercised its discretion in ordering the action dismissed.

## II

Gentry next seeks to evade mandatory dismissal by excising the three-month delay, occasioned by the transfer of venue from Sacramen-

[4]"It is the plaintiff's duty to keep track of the pertinent dates which are crucial to maintenance of his lawsuit, and to see that the action is brought to trial within the five-year period." (*Singelyn* v. *Superior Court* (1976) 62 Cal.App.3d 972, 975 [133 Cal.Rptr. 486].) When it became clear in the last few months that the five-year period was approaching, Gentry should have moved court for an expedited trial date within the five-year period to avert dismissal. (See Cal. Rules of Court, rule 225; *Crown Coach Corp.* v. *Superior Court* (1972) 8 Cal.3d 540, 549 [105 Cal.Rptr. 339, 503 P.2d 1347], disapproved on other grounds in *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714, 720, fn. 5 [170 Cal.Rptr. 790, 621 P.2d 829].)

to County to the County of Placer, from the five-year period. In *Moore
v. Powell* (1977) 70 Cal.App.3d 583 [138 Cal.Rptr. 914] the identical
issue was resolved adversely to Gentry. Gentry adds nothing to convince
us that *Moore* was wrongly decided.

Moreover, the delay occasioned by the transfer of venue did not con-
tribute to Gentry's failure to meet the five-year statute.

### III

■ Gentry contends that, since both Dr. Nielsen and Dr. Henrich-
sen were out of state for more than 30 days prior to the time summons
was served, the period of their absence should not be included within
the five-year period. He misreads section 583, subdivision (f), which
provides: "The time during which the defendant was not amenable to
the process of the court . . . shall not be included in computing the time
period specified in any subdivision of this section." The test is not
whether a defendant was absent from the state, but whether he was
amenable to process of the court. (*Hughes & Ladd, Inc.* v. *Rogue River
Paving Co.* (1975) 46 Cal.App.3d 311, 313-314 [119 Cal.Rptr. 925];
see 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial,
§ 98, pp. 2759-2760.) Declarations submitted by defendants establish
that at all times during the five-year period they were "amenable to the
process of the court." Even though out of the state temporarily during
that period, their offices remained open and there was someone at their
homes who could have accepted service of summons on their behalf.
(See Code Civ. Proc., § 415.20, permitting service of summons and
complaint at a defendant's office or home.)

### IV

■ Finally, there is no merit in Gentry's claim that failure to bring
the case to trial within the statutory period was impracticable as a re-
sult of Dr. Henrichsen's failure to appear at numerous times scheduled
for the taking of his deposition. Whether it is impossible, impracticable
or futile to proceed to trial must be determined in light of the circum-
stances of each particular case. (*McRoberts* v. *Gorham* (1972) 18
Cal.App.3d 1040, 1044 [96 Cal.Rptr. 427].) Gentry made no showing
that the delays resulting in Henrichsen's cancellation of his scheduled
deposition hearings, incurred apparently as a result of the exigencies of
Henrichsen's medical practice, created a futility in proceeding to trial
within the five-year period. At least one of the depositions was can-

celled at Gentry's request. The record contains no explanation for Gentry's two-and-one-half-year delay in serving defendants. It contains no explanation for his failure to secure a timely trial date upon notification of a date outside the five-year period. If bringing the case to trial was impracticable, it was the result of Gentry's unexplained lack of diligence.

The judgment is affirmed.

Reynoso, Acting P. J., and Young, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 21, 1981.

*Assigned by the Chairperson of the Judicial Council.