[No. F007523. Fifth Dist. July 29, 1987.]

DOROTHY WHEELER, Plaintiff and Appellant, v.
PAYLESS SUPER DRUG STORES, INC., Defendant and
Respondent.

COUNSEL

Alexander M. Wolfe for Plaintiff and Appellant.

Toff & Paul and Ronald I. Toff for Defendant and Respondent.

OPINION

MARTIN, J.—Plaintiff appeals from a judgment of dismissal for lack of prosecution of a personal injury action. (Code Civ. Proc., § 583.310.)

## FACTS

Plaintiff was injured while shopping in defendant's McHenry Avenue store in Modesto on October 1, 1979. She tripped and fell over a protrusion in a display island, "sustaining injury to her body and shock and injury to her nervous system and person . . . ." Plaintiff filed her complaint on October 1, 1980, and served defendant Payless with summons and complaint on June 25, 1982. On July 14, 1982, plaintiff's counsel had a telephone conversation with Self-Insured Management Services, Inc., representing defendant. Plaintiff's counsel agreed to grant defendant an open extension of time within which to file an answer and further agreed no default would be taken without giving defendant's representative 10 days prior written notice. Following the telephone conversation, defendant's representative transmitted a letter to plaintiff's counsel confirming their agreement.

On April 7, 1986, defendant filed a motion to dismiss the action for lack of prosecution pursuant to Code of Civil Procedure section 583.310. Defendant maintained: "The five year time period for bringing this matter to trial expired on October 1, 1985, and no trial was ever commenced in this action, and the time was not tolled for any reason." In opposing the motion to dismiss, plaintiff's counsel noted "[n]o request has been made of defendant as of this date [May 8, 1986] to file an answer and no answer has been filed by defendant."

On May 22, 1986, the superior court entered an order of dismissal, with prejudice, and granted judgment in favor of defendant. ▪ ▬ ▪ ▪ Plaintiff filed a timely notice of appeal.[1]

---

[1] An involuntary dismissal is an appealable order. (Code Civ. Proc., § 581d; *Herrscher* v. *Herrscher* (1953) 41 Cal.2d 300, 303 [259 P.2d 901]; *Kellis* v. *Ring* (1979) 92 Cal.App.3d 854,

## Discussion

■ Plaintiff contends the open-ended extension of time for defendant to answer was a binding agreement excusing her from diligent prosecution of the case.

Over the years, the attitude of the courts and the Legislature toward dismissal for lack of prosecution has varied. From around 1900 until the 1920's the dismissal statutes were strictly enforced. Between the 1920's and the 1960's there was a process of liberalization of the statutes to create exceptions and excuses. Beginning in the late 1960's, the courts were strict in requiring dismissal. In 1969, an effort was made in the Legislature to curb discretionary court dismissals, but ended in authority for the Judicial Council to provide a procedure for dismissal. In 1970, the courts brought an abrupt halt to strict construction of dismissal statutes and began an era of liberal allowance of excuses that continued to the early 1980's. The judicial attitude in the latter time was stated by the Supreme Court: "Although a defendant is entitled to the weight of the policy underlying the dismissal statute, which seeks to prevent unreasonable delays in litigation, the policy is less powerful than that which seeks to dispose of litigation on the merits rather than on procedural grounds." (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr 65, 468 P.2d 193].) In 1983, the California Law Revision Commission recommended legislation to fix and codify the preference for trial on the merits over dismissal on procedural grounds. (Revised Recommendation Relating to Dismissal for Lack of Prosecution (June 1983) 17 Cal. Law Revision Com. Rep. (1984) pp. 905, 910-911.) The Legislature adopted the recommended legislation in 1984. (Stats. 1984, ch. 1705, § 5, pp. 6176-6180.) Generally speaking, the new legislation applies to a motion for dismissal made in an action commenced before, on, or after the effective date of the chapter. (Code Civ. Proc., § 583.160.)[2]

Code of Civil Procedure section 583.310 states: "An action shall be brought to trial within five years after the action is commenced against the defendant."

Code of Civil Procedure section 583.130 states: "It is the policy of the state that a plaintiff shall proceed with reasonable diligence in the prosecu-

857, fn. 2 [155 Cal.Rptr. 297]; *Vedder* v. *County of Imperial* (1974) 36 Cal.App.3d 654, 658 [111 Cal.Rptr. 728].)

[2] A motion for dismissal made pursuant to notice given before, on, or within one year after the effective date of the 1984 law governing dismissal is governed by the applicable law in effect immediately before the effective date. (Code Civ. Proc., § 583.160, subd. (a).) The statutes passed in 1984 were approved by the Governor on September 30, 1984, and became effective on January 1, 1985. (Cal. Const., art. IV, § 8, subd. (c).) In the instant case, defense counsel filed a notice of motion to dismiss on April 7, 1986, and therefore the 1984 statutes are applicable.

tion of an action but that all parties shall cooperate in bringing the action to trial or other disposition. Except as otherwise provided by statute or by rule of court adopted pursuant to statute, the policy favoring the right of parties to make stipulations in their own interests and the policy favoring trial or other disposition of an action on the merits are generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence in the prosecution of an action in construing the provisions of this chapter."

Code of Civil Procedure section 583.360 states: "(a) An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article.

"(b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

Code of Civil Procedure section 583.330 states: "The parties may extend the time within which an action must be brought to trial pursuant to this article by the following means:

"(a) By written stipulation. The stipulation need not be filed but, if it is not filed, the stipulation shall be brought to the attention of the court if relevant to a motion for dismissal.

"(b) By oral agreement made in open court, if entered in the minutes of the court or a transcript is made."

Plaintiff essentially contends the July 16, 1982, letter from defendant's representative constitutes a "written stipulation" within the meaning of the foregoing statute. That letter stated in relevant part:

"Dear Mr. Wolfe [plaintiff's counsel]:

"This letter will serve as a follow-up to our telephone conversation of July 14, 1982. At that time, you granted Pay Less Drug Stores and [sic] open extension of time within which to file an Answer to the lawsuit Dorothy Wheeler vs. Pay Less Super Drug Stores, Inc. I thank you for this courtesy. It is my understanding that you will not apply for a default judgment without giving this office ten days prior written notice.

"It is also my understanding that you will be submitting to me copies of your client's medical bills and records so that I might have an opportunity to evaluate her claim. Once I have had an opportunity to do this, I would be

more than happy to discuss the possibilities of an amiable settlement with you.

"Very truly yours,

"SELF-INSURED MANAGEMENT SERVICE

"/s/

"Jim Broyles"

Plaintiff cites a number of cases to show the foregoing letter was a binding agreement excusing diligent prosecution of her case. In *Meraia* v. *McCann* (1978) 83 Cal.App.3d 239 [147 Cal.Rptr. 756], plaintiffs sued defendants for conspiracy to induce a breach of contract and interference with contract. The trial court sustained defendants' demurrers and plaintiffs filed an amended complaint and served it on defendants. Counsel for both defendants confirmed open-extended extensions of time within which to file responsive pleadings. Approximately four years later, plaintiff's attorney requested the defendants file answers. The court granted defendants' subsequent motion to dismiss for lack of prosecution and the Second District Court of Appeal reversed. The reviewing court concluded the open-ended extension of time to plead was a binding agreement excusing plaintiffs from diligence and it was irrelevant whether defendants showed any prejudice to them from the delay.

Construing former Code of Civil Procedure section 583 (predecessor statute to Code Civ. Proc., § 583.310), the court noted certain provisions allowed extensions of time by written stipulation. Those provisions reflected the policy that diligence is subordinate to the parties' own interests. A written stipulation extended section 583 for bringing the action to trial if it expressly either (1) waived the right to dismissal or (2) extended the time of trial to a date beyond the five-year period. *Meraia* fell between these two rules. The stipulation did not expressly extend time either within or beyond the allotted period. Rather, time was extended indefinitely subject to termination by notice and the stipulation remained in force at the expiration of the period. The court reasoned a written agreement extending time to answer reflects mutual intent to defer the proceedings and must be enforced. Expressly excusing the duty to answer, the agreement impliedly stayed the power of plaintiffs to take the case to trial during the extension. The court concluded defendants could not rely on plaintiffs' lack of diligence prior to termination of the open-ended extension of time to plead. No substantial time elapsed from the time plaintiffs gave notice until the case was dis-

missed upon defendants' motion. Consequently, it was an abuse of discretion to dismiss the case.

In *Farrar, Herrick & Associates* v. *Safecare Co.* (1981) 115 Cal.App.3d 123 [171 Cal.Rptr. 191], plaintiff corporation sued defendant to recover a balance due on a contract and to foreclose a mechanic's lien. The parties exchanged correspondence and plaintiff creditor granted defendant debtor an open-ended extension of time to plead. Approximately four years after filing the complaint, plaintiff gave defendant written notice to file a responsive pleading within twenty days. When no responsive pleading was forthcoming, plaintiff obtained a default judgment against defendant. Five years and seven months after the filing of the complaint, the trial court granted defendant dismissal under former Code of Civil Procedure section 583, subdivision (b). The Second District Court of Appeal concluded defendant had waived its right to a dismissal and reversed the judgment. The correspondence between the parties constituted an open-ended extension of time for defendants to plead. The extension was the equivalent of a written stipulation within the contemplation of former Code of Civil Procedure section 583, subdivision (b). By their stipulation and conduct the parties waived diligence. Once such a waiver occurred, diligence as prescribed by the statute in question could not be reinstated without agreement. Further, defendant had no standing to move for dismissal since it had not moved to set aside plaintiff's default judgment prior to the date of the dismissal motion.

In *General Ins. Co.* v. *Superior Court* (1975) 15 Cal.3d 449 [124 Cal.Rptr. 745, 541 P.2d 289], the City of Livermore approved certain subdivision maps and required the developers to make improvements and post performance bonds. Petitioner issued the performance bonds, the developers defaulted, and the city commenced an action against petitioner and the developers in 1971. After mailing summons and complaint to petitioner's designated agent, the city's attorney and petitioner's attorney agreed by telephone the latter would accept service for petitioner. On four occasions, the city granted petitioner extensions of time within which to appear, answer, demur, or otherwise plead to the complaint. Finally, the city agreed to an open extension of time to answer or otherwise respond, terminable on ten days' written notice. Approximately three years and eight months after the filing of the complaint, the city gave petitioner written notice to answer. Petitioner unsuccessfully moved to dismiss under the three-year requirement of former Code of Civil Procedure section 581a, subdivisions (a) and (c). Petitioner then sought a writ of mandate to compel dismissal and the Supreme Court denied its petition.

The Supreme Court compared the provisions of former section 581a with former section 583. The court noted a written stipulation extends section

583's five-year term for bringing the action to trial if it expressly either waives the right to dismissal or extends the time of trial to a date beyond the five-year period. But merely extending the time of trial to sometime within the five-year term—absent a showing the parties intended otherwise—would not extend the deadline. The Supreme Court concluded the *General Insurance* case fell between these two rules. The stipulation did not expressly extend time either within or beyond the allotted period. Rather, time was extended indefinitely subject to termination by notice, and the stipulation remained in force at the expiration of the period. A written agreement extending time to answer reflects mutual intent to defer the proceedings and must be enforced. The court held it would be unconscionable to permit a plaintiff to take a default judgment during the extension after he granted the defendant time to answer. Expressly excusing the duty to answer, the agreement impliedly stayed the power of the city to take default. Since the agreement precluded the city from taking a default judgment prior to the expiration of the three-year period, petitioner could not rely on the city's failure to take default to obtain dismissal of the action. The agreement established the requisite mutual intent allowing each party to excuse the other from diligence both in answering and taking default.

In *Knapp* v. *Superior Court* (1978) 79 Cal.App.3d 799 [145 Cal.Rptr. 154], the real parties in interest filed a personal injury complaint on May 3, 1974, and served petitioner Knapp with summons and complaint on March 14, 1977. On April 25, 1977, the attorney for real parties and a representative of petitioner's insurance carrier orally agreed petitioner would have an open extension of time to plead, terminable on 10 days' notice. On April 26, 1977, a representative of petitioner's insurance carrier confirmed this agreement in a letter to real party's attorney. On August 2, 1977, real parties' attorney requested petitioner file an answer within 10 days. Petitioner then moved to dismiss the action on the ground the summons had not been returned. On September 19, 1977, respondent court denied petitioner's motion to dismiss pursuant to the three-year provision of former Code of Civil Procedure section 581a, subdivision (a). The court held the April 26, 1977, letter from petitioner's insurance carrier (1) was the equivalent of an appearance and (2) operated to estop petitioner from asserting to the contrary as a ground for dismissal of the action. Petitioner Knapp sought a writ of mandate to compel dismissal on the ground the real parties failed to return the summons within three years. The First District Court of Appeal denied her petition.

Since the summons was never returned and the three-year period allowed for its return had expired, the court was under a duty to dismiss the action unless one of the exceptions to the rule was established. Had the real parties taken a default judgment after executing the stipulation, the court clearly

would have set it aside upon appropriate motion. It followed that petitioner could not rely on real parties' failure to take default as a basis for obtaining dismissal of the action. Notwithstanding the mandatory language of former section 581a, the trial court was vested with discretion in applying the exceptions to the three-year rule. That discretion was comparable to the discretion with which the court was vested in applying the exceptions to former Code of Civil Procedure section 583. The First District held such discretion must be exercised in accordance with the spirit of the law and with the view of subserving, rather than defeating, the ends of substantial justice. The petitioner, through her representative, induced the real parties' attorney to overlook the return of service by asking for the extension of time. In view of the well-known custom of the industry honoring such extensions, real parties' attorney's reliance was reasonable. The record supported the trial court's determination an estoppel arose from the letter.

In the instant case, defendant contends plaintiff's reliance upon the foregoing authorities is misplaced in several respects. "First, each of these cases involved a situation where the subject open extension of time was terminated by the plaintiff and the defendant, shortly thereafter, filed a motion to dismiss. In those instances, the court determined that there was not a long passage of time between the revocation of the open stipulation and the motion for dismissal, and therefore there was no [*sic*] a lack of diligence once the stipulation had terminated.

"In the present case, the parties entered into the open extension of time agreement in 1982, the five years ran October 1, 1985, and appellant did nothing to move the case toward trial during that period of time, and, in fact, continued in her lack of diligence until such time as respondent filed this motion to dismiss herein.

"Second, the cases cited by appellant, are decided on the basis that such an open stipulation is a contract, and should be interpreted by contract principles, and 'the apparent overriding guiding principle in the decision of the cases has been to give credence to the *intent* (original italics) of the parties and to do so in a reasonable manner.' *Farrar, Herrick and Associates* vs. *Safecare Company, Inc.,* supra at page 196. The reviewing court in these cases determined that the overriding intent of the parties was to indefinately [*sic*] defer all proceedings. That was clearly not the intent in the instant case. If we look at the letter . . . relied upon by appellant as the 'written stipulation', it is clear from the second paragraph of that letter that the purpose of the extension of time to answer was merely for the purpose of exploring potential settlement prior to the prosecution of the lawsuit. The agreement, according to that letter, was that appellant's attorney would submit documentation relating to special damages and injuries, so that

respondent could have the opportunity to evaluate the claims and attempt to discuss settlement. Appellant's attorney took no further action on the matter, never submitted any documentation or other information to respondent, and, in fact, never had any further contact with respondent, until respondent filed its motion to dismiss."

Defendant further contends the open-ended extension of time in the cited cases was directly related to the failure to bring the case to trial or the failure to return summons within the prescribed time. According to defendant, in those cases the defense implored the plaintiff to suspend proceedings for varying reasons related to the actual processing of the lawsuit, i.e. ongoing discovery, additional time needed to file documents, etc. In the instant case, as the argument goes, the request for an open-ended extension of time was for the express purpose of exploring settlement. In July 1982, defendant's representative requested information and documentation and an open-ended extension of time from plaintiff's counsel. Defendant contends after that date plaintiff did nothing to facilitate the proceeding of this action toward evaluation, settlement or trial. "The progress of the case, from that point on, was entirely within the power of appellant. Thus, appellant's failure to bring this case to trial within the statutory time is not directly related to the subject 'open-extension,' but rather, was related only to appellant's lack of diligence in supplying the necessary information to evaluate this claim, or doing anything else to move this case toward disposition.

"It is not up to defendant to move the case toward trial. It is the plaintiff's duty to see that the action is brought to trial within the five year period after the filing of the action. [(*Gentry* v. *Nielsen* (1981) 123 Cal.App.3d 27, 34, fn. 4 [176 Cal.Rptr. 385].)]"

Defendant's argument misses the mark. Nothing in the record before us supports defendant's allegations of lack of diligence on the part of plaintiff. Defendant's notice of motion to dismiss for lack of prosecution, memorandum of points and authorities and declaration of Ronald Toff make no mention whatsoever of alleged lack of diligence on the part of plaintiff. Nor does the order of dismissal of judgment refer to or make any finding of or even mention lack of diligence on the part of plaintiff. ■ Upon appeal, defendant must confine his arguments in support of the judgment below to facts within and supported by the record below.

■ Moreover, defendant overlooks applicable statutes and judicial precedents which support plaintiff's argument. As noted above, an action shall be brought to trial within five years after the action is commenced against the defendant. (Code Civ. Proc., § 583.310.) However, the parties

may extend the time within which an action must be brought to trial pursuant to this article by written stipulation. The stipulation need not be filed but, if it is not filed, the stipulation shall be brought to the attention of the court if relevant to a motion for dismissal. (Code Civ. Proc., § 583.330.)

██ The statutes governing dismissal for delay in prosecution do not expressly define the term "written stipulation" or prescribe the elements of such a stipulation. (Code Civ. Proc., § 583.110 et seq.) However, nothing in the legislative history indicates an intention to depart from existing precedents governing the content of such stipulations. (Revised Recommendation Relating to Dismissal for Lack of Prosecution, *supra*, 17 Cal. Law Revision Com. Rep. 905, 917.) ██ ██ The Supreme Court has further held a written agreement extending time to answer reflects mutual intent to defer the proceedings and must be enforced. An agreement which expressly excuses the duty to answer impliedly stays the power of the plaintiff to take default. When the written agreement precludes plaintiff from taking a default judgment prior to expiration of the five-year period, the defendant may not rely on plaintiff's failure to take default to obtain dismissal of the action. (*General Ins. Co.* v. *Superior Court, supra,* 15 Cal.3d 449, 455-456.)

Here, as in *General Insurance,* although the stipulation did not expressly extend time either within or beyond the allotted period, the parties extended time indefinitely, subject to termination by notice, and the stipulation remained in force at the expiration of the period. Under these circumstances, the July 16, 1982, letter reflects mutual intent to defer the proceedings and must be enforced.

Defendant argues the parties entered into an open-ended extension for the sole purpose of exploring settlement and plaintiff was "guilty of a total lack of diligence in attempting to process her claim." A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful. (Civ. Code, § 1636.) When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible, subject to the rules of construction. (Civ. Code, § 1639.)

We have already rejected defendant's lack of diligence contention (*ante*). As to defendant's argument the extension was for the sole purpose of exploring settlement, nothing in defendant's July 16, 1982, letter lends support to defendant's contention. The "open extension" of time in which to answer referred to in the first paragraph of the letter is not conditioned or qualified in any way by the second and final paragraph. To support defendant's analysis of the meaning and import of the letter, we would first have to find the letter ambiguous as to its intent, then construe the ambiguity in defendant's letter, drafted by defendant's counsel, in defendant's favor and against

plaintiff and contrary to its clearly expressed intent, i.e., that defendant was confirming plaintiff's granting of an unqualified, "open extension of time within which to file an Answer" to plaintiff's complaint.

The letter clearly outlines an agreement to an open-ended extension of time within which defendant could file an answer to plaintiff's complaint. California courts have held such an agreement reflects a mutual intent to defer the proceedings. (*Meraia* v. *McCann, supra,* 83 Cal.App.3d 239, 244.) The agreement must be enforced to effectuate the whole of the instrument. Any ambiguity or uncertainty in the terms of the letter must be construed against defendant, whose representative drafted the document to confirm a July 14, 1982, telephone conversation with plaintiff's counsel. (Civ. Code, § 1654.)

For the reasons stated herein, the judgment of dismissal for defendant Payless is reversed. Plaintiff to recover her costs on appeal.

Franson, Acting P. J., and Best, J., concurred.