[No. B037757. Second Dist., Div. Two. June 19, 1990.]

JERRY WAXMAN et al., Cross-complainants and Appellants, v. BOREN, ELPERIN, HOWARD & SLOAN et al., Cross-defendants and Respondents.

**COUNSEL**

Tomin & Anglin, Harold J. Tomin and Jay R. Stein for Cross-complainants and Appellants.

Haight, Brown & Bonesteel, Roy G. Weatherup, Michael McCarthy, Kenneth C. Byrne, Cynthia R. Thompson, Baker & McKenzie, Brian G. Gough, Lisa Winfield Liberatore, Nemecek & Cole and Jonathan B. Cole for Cross-defendants and Respondents.

**OPINION**

**FUKUTO, J.—**

### Introduction

Cross-complainants, Arlene and Jerry Waxman (the Waxmans), appeal from the dismissal of their cross-complaint for professional malpractice

against their former attorneys, Boren, Elperin, Howard & Sloan, a professional corporation, Boren and Sloan, a partnership, and Jeffrey Boren, William Elperin, Roger Howard, and Norman Sloan, individuals (collectively, Boren). The dismissal was ordered for delay in prosecution pursuant to Code of Civil Procedure section 583.410 et seq.[1] The Waxmans, in this appeal, contend the trial court erred in ordering the dismissal because of the tolling and extension provisions of section 583.350.[2] The Waxmans argue that section 583.350 barred discretionary dismissal of the cross-complaint for delay in prosecution less than six months following rescission of an agreement giving Boren an open extension of time to file a response to the cross-complaint. We affirm the judgment.

## The Facts

The essential facts are not in dispute. In April 1983, the Waxmans and several others were sued by the Hongkong and Shanghai Banking Corporation (Hongkong) for money due under a written guaranty. On June 9, 1983, the Waxmans cross-complained against Boren for professional malpractice in connection with the guaranty agreement.[3]

The Hongkong suit was not the only litigation in which the Waxmans were then embroiled. In 1983, they were defendants in more than 10 separate civil actions arising from their participation in a variety of real estate transactions. In late 1983, the Waxmans' attorney discussed with counsel for cross-defendants the possibility of putting on "hold" any pleading or discovery in connection with the Hongkong case cross-complaint to allow the Waxmans to resolve some of the claims against them and better assess the extent of their potential liability. The "hold" was additionally sought on the Waxmans' behalf with the unspoken purpose of minimizing their litigation expenses in light of the numerous claims pending against them.

On November 7, 1983, counsel for cross-defendants wrote a letter to the Waxmans' attorney confirming "our conversation in which you granted our

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

Section 583.410, subdivision (a) provides: "The court may in its discretion dismiss an action for delay in prosecution pursuant to this article on its own motion or on motion of the defendant if to do so appears to the court appropriate under the circumstances of the case."

[2] Section 583.350 provides: "If the time within which an action must be brought to trial pursuant to this article is tolled or otherwise extended pursuant to statute with the result that at the end of the period of tolling or extension less than six months remains within which the action must be brought to trial, the action shall not be dismissed pursuant to this article if the action is brought to trial within six months after the end of the period of tolling or extension."

[3] The cross-complaint also alleged causes of action against other cross-defendants, including Hongkong. The Waxmans voluntarily dismissed the cross-complaint against all cross-defendants other than Boren on March 10, 1988. Boren is the sole respondent on appeal.

clients an open extension subject to termination upon thirty days written notice within which to respond to the Second Amended [Cross-Complaint] . . . in the [Hongkong action]." The confirmation letter also requested that the Waxmans' counsel contact cross-defendants' counsel at his "earliest convenience to discuss the outstanding and future discovery in the [Hongkong action]." The extension agreement was subsequently made applicable to a third amended cross-complaint filed by the Waxmans in January 1984.

On November 1, 1984, the underlying lawsuit was resolved against the Waxmans upon granting of Hongkong's motion for summary judgment (Code Civ. Proc., § 437c.). The Waxmans were ordered to pay Hongkong the principal sum of $800,000 plus pre- and postjudgment interest and plaintiff's costs of suit. On December 27, 1984, the Waxmans compromised the judgment in a settlement agreement requiring payment of a lesser sum.

In February 1986, the Waxmans filed a substitution of attorney substituting themselves, in propria persona, as counsel in the legal malpractice cross-action. No further action was taken on the cross-complaint for two years. Then, on February 12, 1988, the Waxmans, acting in propria persona, filed a request for entry of default against Boren. This action was taken on advice of recently consulted counsel, Harold Tomin, who informed the Waxmans that the five-year deadline for bringing the cross-complaint to trial was imminent, and the file furnished by the Waxmans' former counsel did not contain any evidence of an open extension of time for the cross-defendants to respond to the third amended cross-complaint.[4]

Counsel for cross-defendants immediately objected to the entry of default and tendered a copy of the November 7, 1983, letter confirming the existence of an open extension of time to file responsive pleadings. Because the extension had never been rescinded, the default was voluntarily vacated by the Waxmans on March 7, 1988. Boren then demurred to the cross-complaint. By stipulation filed April 4, 1988, the demurrer was deemed granted and the Waxmans were granted 30 days within which to file a fourth amended cross-complaint. A fourth amended cross-complaint was filed on April 18, 1988.

On June 10, 1988, exactly five years and one day after the original cross-complaint was filed, Boren noticed a motion for mandatory dismissal of the action pursuant to section 583.310.[5] At a hearing on June 17, 1988, the trial court issued a tentative ruling denying the motion upon finding that there

---

[4] Mr. Tomin was subsequently engaged as counsel and represents the Waxmans in this appeal.

[5] Section 583.310 provides: "An action shall be brought to trial within five years after the action is commenced against the defendant."

was an open extension agreement which ended less than six months before expiration of the five-year time within which the matter had to be brought to trial; therefore, under section 583.350, the Waxmans had six months from the date upon which the extension agreement was rescinded within which to bring the matter to trial. The trial court invited Boren to move for discretionary dismissal suggesting that such a motion would stand on different legal footing.

Boren's discretionary motion to dismiss (§ 583.410) was heard by the court on July 8, 1988. The court ruled that the tolling provisions of section 583.350 did not bar a discretionary dismissal for delay in prosecution under section 583.410 et seq. The court then dismissed the cross-complaint, finding that the open extension had been primarily for the benefit of the Waxmans, that there had been no diligent prosecution of the cross-complaint, and that Boren appeared to have suffered prejudice as a result of the lengthy delay. This appeal followed.

Discussion

The instant cross-complaint was dismissed under subdivision (a)(2)(A) of section 583.420. Found in article 4 of part 2, title 8, chapter 1.5[6] (Discretionary Dismissal For Delay), that section permits dismissal for delay in prosecution no sooner than "[t]hree years after the action is commenced against the defendant . . . ."

Subdivision (b) of section 583.420 states: "The times provided in subdivision (a) shall be computed in the manner provided for computation of the comparable times under Articles 2 (commencing with Section 583.210) and 3 (commencing with Section 583.310)." Appellant maintains that this provision makes section 583.350 of article 3 (Mandatory Time For Bringing Action To Trial or New Trial) applicable in the discretionary dismissal context; therefore, dismissal of the cross-complaint less than six months following rescission of the open-ended extension of time to answer was error.[7] We conclude that the facts of this case make it unnecessary to consider this contention.

 In denying Boren's mandatory dismissal motion, the trial court impliedly found that the open extension of time to answer was an extension

---

[6] All further references to articles 2, 3 and 4, respectively, refer to articles found in part 2, title 8, chapter 1.5 of the Code of Civil Procedure.

[7] Section 583.350 is found in article 3. Arguably, it has no application to discretionary dismissals, which are governed by article 4. The statute refers to the time within which an action "must" be brought to trial, a concept which does not logically and naturally lend itself to the more fluid rule allowing discretionary dismissal for delay in prosecution no sooner than three years after an action has commenced. (§ 583.420, subd. (a)(2)(A).)

of "the time within which an action must be brought to trial" within the meaning of section 583.330.[8] The trial court apparently felt that such a finding was compelled as a matter of law by *Wheeler v. Payless Super Drug Stores, Inc.* (1987) 193 Cal.App.3d 1292 [238 Cal.Rptr. 885]. In *Wheeler,* the Court of Appeal, Fifth District, reversed a trial court's dismissal of a matter for failure to bring the matter to trial within five years (§ 583.310) based upon an open extension of time within which to answer, terminable upon 10 days' written notice.

In *Wheeler,* the appellate court relied in large part upon the Supreme Court's decision in *General Ins. Co.* v. *Superior Court* (1975) 15 Cal.3d 449 [124 Cal.Rptr. 745, 541 P.2d 289], citing it for the proposition that, when an open-ended extension of time to answer precludes a plaintiff from taking a default judgment prior to expiration of the five-year period, the defendant may not obtain dismissal of the action. (*Wheeler* v. *Payless Super Drug Stores, Inc., supra,* 193 Cal.App.3d at p. 1302.) We do not read the *General Ins. Co.* case that broadly.

In *General Ins. Co.* v. *Superior Court, supra,* 15 Cal.3d 449, the Supreme Court affirmed the trial court's refusal to dismiss under the predecessor statutory scheme for the failure to have a default judgment entered within three years after the defendant had made a general appearance (former § 581a, subd. (c)), in the face of a written stipulation extending indefinitely the time for defendants to answer or otherwise respond, terminable on 10 days' written notice. The Supreme Court reasoned: "Having by the instant written agreement precluded plaintiff from taking a default judgment prior to expiration of the three-year period, petitioner may not now rely on plaintiff's failure to take default to obtain dismissal of the action. [Fn. omitted.] Our conclusion meets the purpose of the statute. Expressly reflecting petitioner's intent to obtain time to answer and by *necessary* implication precluding default judgment, the agreement establishes the requisite mutual intent allowing each party to excuse the other from diligence both in answering and in taking default." (*Id.* at pp. 455-456.)

Central to the Supreme Court's reasoning in *General Ins.* was the fact that plaintiffs were barred by reason of the open extension agreement from taking a default within three years as required by former section 581a, subdivision (c). In the case at bench, the open extension of time to answer

---

[8] Section 583.330 provides: "The parties may extend the time within which an action must be brought to trial pursuant to this article by the following means:

"(a) By written stipulation. The stipulation need not be filed but, if it is not filed, the stipulation shall be brought to the attention of the court if relevant to a motion for dismissal.

"(b) By oral agreement made in open court, if entered in the minutes of the court or a transcript is made."

did not prevent the Waxmans from engaging in trial preparation-related activities necessary to bring the matter to trial within the five-year limitations period of section 583.310. Accordingly, we decline to read *General Ins.* as holding that an open extension of time to answer, as a matter of law, in all cases, relieves complaining parties of their obligation *to bring a matter to trial* with due diligence, or within statutory time limits.

*Blank* v. *Kirwan* (1985) 39 Cal.3d 311 [216 Cal.Rptr. 718, 703 P.2d 58] by implication compels a more restrictive reading of the *General Ins.* case. In *Blank* v. *Kirwan*, the discretionary dismissal of the complaint by a trial court was affirmed where the plaintiff "continually requested defendants to agree to continue hearings on their demurrers and finally obtained an agreement to take the demurrers off calendar indefinitely." (*Id.* at p. 332.)

The Supreme Court distinguished the case of *Meraia* v. *McCann* (1978) 83 Cal.App.3d 239 [147 Cal.Rptr. 756], which relied heavily upon language in *General Ins.* to reverse a discretionary dismissal upon finding that an open-ended extension of time to plead was a binding agreement excusing plaintiffs from diligence. (*Id.* at p. 243.) In *Blank*, the Supreme Court explained: "Although [*Meraia* v. *McCann*] contains some broad language (at p. 243) that appears to support plaintiff's position that an open-ended extension of time, such as the one obtained here, excuses a plaintiff from his obligation to prosecute during its term, *Meraia* properly read holds only that when and while a defendant obtains and enjoys an open-ended extension for his benefit and at his request, he may not complain that the plaintiff has not diligently prosecuted the action. Here defendants agreed to take their demurrer off calendar indefinitely for the benefit of plaintiff and at plaintiff's request." (*Blank* v. *Kirwan, supra*, 39 Cal.3d at p. 332.)

In granting discretionary dismissal, the trial court found that the open extension had been granted to Boren primarily to benefit the Waxmans. There is ample evidence to support this finding. It was the Waxmans who needed time to assess their liability under the guaranty agreement and it was the Waxmans who wished to defer the legal costs involved in actively litigating the matter.

Notably, in addition to confirming the granting of an open extension of time to answer, Boren's letter of November 7, 1983, invites opposing counsel to contact him to discuss pending and future discovery in the matter at his "earliest convenience." Although the open extension of time memorialized by the letter was not expressly conditioned upon or qualified by the paragraph referring to counsel's obligation to make contact to discuss discovery, the invitation to prompt resumption of discovery is further evidence that Boren never intended to relieve the Waxmans of all obligation to bring

the matter to trial with diligence merely by accepting the offer of an open extension of time to answer. (Cf. *Wheeler* v. *Payless Super Drug Stores, Inc., supra*, 193 Cal.App.3d at pp. 1296-1303.)

We conclude that the open extension of time to answer, granted primarily to benefit the Waxmans, was not in effect a stipulation indefinitely relieving the Waxmans of their obligation to bring the matter to trial within the five-year statutory time limit, and thus entitling them to the benefits of the six-month grace period codified in section 583.350 regardless of their lack of diligence. Since dismissal would have been proper under section 583.310 for the failure to bring the matter to trial within five years, discretionary dismissal based upon the Waxmans' total lack of diligent prosecution was likewise proper.

The judgment is affirmed. The parties are to bear their own costs on appeal.

Roth, P. J., and Gates, J., concurred.

Appellants' petition for review by the Supreme Court was denied September 19, 1990.