[No. A059911. First Dist., Div. Three. Oct. 21, 1993.]

DAVID MARRA, Plaintiff and Appellant, v.
MISSION FOODS CORPORATION, Defendant and Respondent.

**COUNSEL**

Aguilar & Sebastinelli, Kenneally & Helm and Bernard P. Kenneally for Plaintiff and Appellant.

Carlsmith, Ball, Wichman, Murray, Case, Mukai & Ichiki and Richard Lloyd Sherman for Defendant and Respondent.

**OPINION**

**MERRILL, Acting P. J.**—In this case, we decide that the stipulation giving the defendant an open extension of time to plead to the complaint did not bar dismissal of the action for delay in prosecution when the stipulation was for the benefit of the plaintiff, and upon giving notice, he could require the defendant to file a responsive pleading.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 14, 1989, plaintiff David Marra filed this action which arose out of the termination of his distributor relationship with defendant Mission

Foods Corporation in August 1987.[1] On July 11, 1989, defendant's counsel wrote a letter to plaintiff's counsel, detailing numerous deficiencies in the complaint and asking him to consider filing an amended complaint. Plaintiff's counsel then granted defendant an open extension of time to respond to the complaint, terminable upon 30 days' notice. Defendant's confirming letter stated that, "This extension was given so you and your clerk can have additional time to review the points raised in our July 11, 1989 letter regarding the deficiencies in your complaint."

Thereafter, plaintiff did not pursue the case for 20 months, until March 28, 1991, when plaintiff's counsel advised defendant's counsel by letter that he was prepared to amend the complaint to address the deficiencies. He suggested that they pursue settlement discussions first and asked defendant's counsel to contact him. Defendant's counsel promptly attempted to make contact with plaintiff's counsel by telephone and letter but received no response.

Nothing further happened in the case until the superior court sent a notice of intent to dismiss on its own motion for lack of prosecution in December 1991. Plaintiff's counsel filed a declaration in opposition to dismissal, stating that he had moved his office, plaintiff had been having personal problems, and plaintiff had "led [him] to believe that [plaintiff] was seeking substitute counsel." The declaration stated that plaintiff's counsel had granted defendant an open extension of time to respond to the complaint in order to prevent the filing of a demurrer and "in the interest of settling." The court did not dismiss the action.

Plaintiff then filed an at-issue memorandum dated April 22, 1992, but indicated on the form that the memorandum was "being filed so that the parties may pursue settlement. Defendant has yet to answer complaint." The court indicated by letter dated April 29, 1992, that the at-issue memorandum was ineffective because no answer was on file and set a case management conference for June 19, 1992. The court stated in its letter that "the court file does not evidence any substantive legal activity since the filing of the complaint on April 14, 1989 and the service thereof on June 13, 1989."

On May 19, 1992, defendant noticed plaintiff's deposition in order to obtain information necessary to bring its motion to dismiss. At the deposition on June 18, 1992, plaintiff testified that he had not taken any action in

---

[1]The complaint included causes of action for breach of oral contract, breach of contract implied in fact, breach of implied covenant of good faith and fair dealing, fraud and deceit, civil conspiracy, intentional interference with economic relationship, conversion and intentional infliction of emotional distress.

the case for three years because he lacked money and because he experienced several months of personal problems "a few years ago."

Plaintiff filed an amended complaint on June 1, 1992. On June 25, 1992, plaintiff filed, without leave of court, a second amended complaint. Defendant filed a motion to dismiss for delay in prosecution pursuant to Code of Civil Procedure section 583.410 on July 20, 1992, which the court granted following a hearing based on plaintiff's failure to bring the action to trial within two years after it was filed.

## DISCUSSION

Plaintiff contends that the trial court erred in dismissing the action because he had granted defendant an open extension of time in which to respond to the complaint. He maintains that the doctrines of waiver and estoppel prevent dismissal of this action because "respondent has contributed to any delay in prosecution."

A reviewing court will not reverse a trial court's ruling on a dismissal of an action pursuant to Code of Civil Procedure section 583.410 unless there has been an abuse of discretion. Our Supreme Court has held that when the trial court has ruled on such a motion, ". . . ' "unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power. [Citations.] The burden is on the party complaining to establish an abuse of discretion." ' " (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 331 [216 Cal.Rptr. 718, 703 P.2d 583], quoting *Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].)

In seeking to dismiss under Code of Civil Procedure section 583.410, if a defendant first shows that it has suffered some prejudice due to the failure to prosecute, then generally the burden "shifts to the plaintiff to show excusable delay."[2] (*San Ramon Valley Unified School Dist.* v. *Wheatley-Jacobsen, Inc.* (1985) 175 Cal.App.3d 1050, 1057 [221 Cal.Rptr. 342].)

Plaintiff argues that defendant's actions constitute a waiver of its right to move to dismiss for failure to prosecute and that it is estopped from

---

[2]Defendant demonstrated significant prejudice due to plaintiff's failure to prosecute. Of the five employees of defendant named in the complaint as being witnesses to the events giving rise to the lawsuit, one is dead, three cannot be located, and one cannot recall the events in 1987. Defendant conducted a search but was unable to locate any records pertaining to plaintiff's claim. On appeal, plaintiff does not dispute that defendant suffered prejudice due to his delay in prosecution.

seeking dismissal. Plaintiff relies on a line of cases which have held that where a defendant has been granted an open extension of time within which to respond to the complaint, waiver and estoppel principles may prevent defendant from relying on a plaintiff's failure to prosecute during its term to obtain a dismissal of the action.[3] (*Meraia* v. *McCann* (1978) 83 Cal.App.3d 239, 243 [221 Cal.Rptr. 342]; see *Wheeler* v. *Payless Super Drug Stores, Inc.* (1987) 193 Cal.App.3d 1292, 1302 [238 Cal.Rptr. 885].)

Where, however, the open extension of time to plead is in reality for the benefit of the plaintiff, the defendant is not necessarily precluded from seeking dismissal of the action for failure to prosecute. (*Waxman* v. *Boren, Elperin, Howard & Sloan* (1990) 221 Cal.App.3d 519, 525-526 [270 Cal.Rptr. 540].) Our Supreme Court has recognized this distinction, stating that although *Meraia* "contains some broad language [citation] that appears to support plaintiff's position that an open-ended extension of time . . . excuses a plaintiff from his obligation to prosecute during its term, *Meraia* properly read holds only that when and while a defendant obtains and enjoys an open-ended extension *for his benefit and at his request*, he may not complain that the plaintiff has not diligently prosecuted the action." (*Blank* v. *Kirwan, supra,* 39 Cal.3d at p. 332, italics added.) In *Waxman,* cross-complainants sought a "hold" on any pleading or discovery in connection with the cross-complaint "to allow the Waxmans to resolve some of the claims against them and better assess the extent of their potential liability," and for the "unspoken purpose of minimizing their litigation expenses." (*Waxman* v. *Boren, Elperin, Howard & Sloan, supra,* 221 Cal.App.3d at p. 521.) The court found that because the open extension of time to answer was granted primarily to benefit the Waxmans, it did not excuse their lack of diligence in bringing the matter to trial. (*Id.,* at pp. 525-526.)

The situation here is analogous to that in *Waxman.* Defendant sent plaintiff a five-page letter detailing deficiencies in the complaint which encompassed ten causes of action. Plaintiff granted defendant an open extension of time in which to respond to the complaint in order to gain additional time to file an amended complaint. Plaintiff admitted that the open extension was to prevent the filing of a demurrer to his complaint. The open extension of time

---

[3] " 'Waiver is a voluntary relinquishment, expressly or impliedly, of a known right and depends upon the intention of one party only.' " (*Wilcox* v. *Ford* (1988) 206 Cal.App.3d 1170, 1179 [254 Cal.Rptr. 138], quoting *Morgan* v. *International Aviation Underwriters, Inc.* (1967) 250 Cal.App.2d 176, 180 [58 Cal.Rptr. 164].) Under the doctrine of estoppel, " '. . . a person may not lull another into a false sense of security by conduct causing the latter to forebear to do something which he otherwise would have done and then take advantage of the inaction caused by his own conduct.' " (*Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 437-438 [96 Cal.Rptr. 571, 487 P.2d 1211], quoting *Lovett* v. *Point Loma Development Corp.* (1968) 266 Cal.App.2d 70, 75 [71 Cal.Rptr. 709].)

to respond to the complaint was for the benefit of plaintiff, not defendant. The extension of time here does not estop defendant from asserting its right to move to dismiss the action. The stipulation in the instant case was nothing more than a commonplace extension of time in the pleading process, and the duty to move the case forward by filing an amended complaint or putting the defendant on notice to file a responsive pleading remained with the plaintiff at all times.

Under these circumstances, the trial court did not abuse its discretion in dismissing the action. The judgment is affirmed.

Chin, J., and Werdegar, J., concurred.