[No. B168867. Second Dist., Div. One. Sept. 30, 2004.]

PATRICIA GONZALEZ, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES et al., Defendants and Respondents.

COUNSEL

Peter T. Brown and Associates, Peter T. Brown and Duane R. Folke for Plaintiff and Appellant.

Nelson & Fulton, Henry Patrick Nelson and Amber A. Logan for Defendants and Respondents.

OPINION

MALLANO, J.— A civil action must be brought to trial within five years after it is commenced. (Code Civ. Proc., §§ 583.310, 583.360, subd. (a).) This deadline is tolled where, as here, the action is submitted to mediation during the last six months of the five-year period. (See *id.*, § 1775.7, subd. (b); all further statutory references are to the Code of Civil Procedure.) In this case, the mediation was not successful.

Defendants moved to dismiss the action for failure to comply with the five-year statute. Plaintiff opposed the motion, arguing that the deadline had been tolled by the mediation. The trial court granted the motion.

We conclude that the trial court misinterpreted the five-year statute and, as a result, did not correctly determine the period of tolling. Properly interpreted, the five-year statute did not terminate the action. We therefore reverse.

## I

## BACKGROUND

On December 15, 1997, plaintiff was involved in a traffic accident with Los Angeles County Deputy Sheriff Robert Claus.

On May 14, 1998, plaintiff filed this action against the County of Los Angeles, the sheriff's department, and Deputy Sheriff Claus, seeking to recover for personal injuries. Under the five-year statute, plaintiff had to bring the action to trial before May 14, 2003, absent tolling.

A mandatory settlement conference was held on October 1, 2002. The case did not settle. The trial court set a trial date of March 14, 2003.

On February 26, 2003, at the final status conference, the trial court ordered the case to mediation, with a completion date of April 18, 2003. At the conference, plaintiff's counsel erroneously stated that the five-year statute

expired on December 15, 2003. The trial court vacated the March 14, 2003 trial date and assigned a new trial date of August 4, 2003.

On April 17, 2003, the parties participated in a mediation. The case did not settle. On the same date, the mediator filed a "Statement of Nonagreement," indicating that the mediation did not resolve the matter. (See § 1775.9.)

On May 19, 2003, the county and Deputy Sheriff Claus (defendants) filed a "Motion to Dismiss Plaintiff's Complaint for Failure to Bring the Case to Trial Within Five Years." The notice of motion stated: "The motion shall be brought on the grounds that the plaintiff failed to bring this case to trial within five years of the date of its commencement pursuant to Code of Civil Procedure §§ 583.310[1] and 583.360.[2]" In the motion, defendants argued that plaintiff had not brought the case to trial before the five-year deadline, which, they asserted, had expired on May 14, 2003.

Plaintiff filed opposition papers, pointing out that the case had been ordered to mediation three times—in July 2001, November 2001, and February 2003. Plaintiff argued that, with respect to each mediation, the five-year period was tolled from the day the case was ordered to mediation until the day of the postmediation status conference or the last day to complete the mediation, whichever came later—a total of 487 days. Under this theory, the five-year deadline was extended more than one year beyond the date used in defendants' motion.

At the July 10, 2003 hearing on the motion to dismiss, the trial court rejected defendants' contention that the five-year statute had expired on May 14, 2003. The court concluded that the five-year period was subject to tolling under section 1775.7, which states: "If an action is . . . submitted to mediation . . . more than four years and six months after the plaintiff has filed the action, then the time beginning on the date four years and six months after the plaintiff has filed the action and ending on the date on which a statement of nonagreement is filed . . . shall not be included in computing the five-year period . . . ."

The trial court stated that the five-year period was tolled because the case was sent to mediation with less than six months remaining in the five-year period. The court reasoned that the tolling began on the date the case was

---

[1] Section 583.310 provides: "An action shall be brought to trial within five years after the action is commenced against the defendant."

[2] Section 583.360 states: "An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article. [¶] . . . The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

ordered to mediation—February 26, 2003—and ended on the mediation completion date—April 18, 2003—a total of 51 days. According to the trial court's analysis, the five-year period expired on July 7, 2003 (the original five-year deadline of May 14, 2003, plus 51 days). Because the case was not brought to trial by that date, the trial court granted defendants' motion and dismissed the case. Plaintiff appealed.

## II

## DISCUSSION

Because this appeal involves the application of a statute to undisputed facts, we are presented with a question of law and review the trial court's decision de novo. (See *Brasher's Cascade Auto Auction v. Valley Auto Sales & Leasing* (2004) 119 Cal.App.4th 1038, 1048 [15 Cal.Rptr.3d 70]; *State Farm Mut. Auto. Ins. Co. v. Department of Motor Vehicles* (1997) 53 Cal.App.4th 1076, 1081 [62 Cal.Rptr.2d 178].)

" 'The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. . . .' . . . In determining that intent, we first examine the words of the statute itself. . . . Under the so-called 'plain meaning' rule, courts seek to give the words employed by the Legislature their usual and ordinary meaning." (*Bodell Construction Co. v. Trustees of Cal. State University* (1998) 62 Cal.App.4th 1508, 1515–1516 [73 Cal.Rptr.2d 450], citations omitted.)

As stated, section 1775.7 provides that an action is tolled *from* the date four years and six months after the filing of the action *until* the date on which the statement of nonagreement is filed *if* the case is sent to mediation during the last six months of the five-year period.

In this case, the last six months of the five-year period began on November 14, 2002. On February 26, 2003—within the six-month period—the trial court ordered the case to mediation. Section 1775.7 therefore applies.

In accordance with the plain language of the statute, the tolling commenced on November 14, 2002 (the four-year six-month date), and ended on April 17, 2003 (the date the Statement of Nonagreement was filed). Thus, April 17, 2003, became the new four-year six-month date, and the five-year deadline was extended to October 17, 2003. It follows that defendants were wrong in contending that plaintiff had to bring the action to trial before May 14, 2003, and the trial court erred in concluding that the five-year period expired on July 7, 2003. Defendants' motion should have been denied.

Our conclusion is supported by a similar statute that extends the five-year deadline where cases are judicially ordered to arbitration. Section 1141.17 states: "If an action is . . . submitted to arbitration . . . more than four years and six months after the plaintiff has filed the action, then the time beginning on the date four years and six months after the plaintiff has filed the action and ending on the date on which a request for a de novo trial is filed . . . shall not be included in computing the five-year period . . . ."

In *Lazelle v. Lovelady* (1985) 171 Cal.App.3d 34 [217 Cal.Rptr. 145], the complaint was filed on November 27, 1978, and the five-year period ended on November 27, 1983. On November 22, 1983, with but five days left under the five-year statute, the plaintiffs filed an election of arbitration. On December 29, 1983, the defendants filed a motion to dismiss for failure to bring the action to trial within five years, using November 27, 1983, as the deadline. On February 22, 1984, the trial court granted the motion. Meanwhile, on February 14, 1984, the arbitration hearing was conducted. On April 5, 1984, the arbitration award was filed. No one requested a trial de novo.

The Court of Appeal reversed the dismissal of the case, stating that, under section 1141.17, the five-year statute was tolled beginning May 27, 1983— the date four years and six months after the plaintiffs filed the action— notwithstanding that the election of arbitration was filed almost six months *later*, on November 22, 1983. (See *Lazelle v. Lovelady, supra*, 171 Cal.App.3d at p. 44.) Because a trial de novo was not requested, the five-year statute had not expired on November 27, 1983.

██ Similarly, in the present case, the five-year statute was tolled beginning November 14, 2002 (the four-year six-month date) even though the trial court ordered the case to mediation three months *later*, on February 26, 2003. In essence, a portion of the tolling was retroactive.

Nevertheless, defendants emphasize that at the final status conference, held on February 26, 2003, plaintiff's counsel mistakenly said that the five-year statute would run on December 15, 2003. Of course, it was impossible for anyone to know exactly when the statutory period would end. The mediation completion date, April 18, 2003, meant that the *outermost* five-year deadline, with tolling, was October 18, 2003. Thus, the deadline given by plaintiff's counsel was overly generous by two months.

"[I]t is a plaintiff's duty, rather than the trial court's, to keep track of critical dates. . . . ' "The burden is upon the plaintiff to call to the attention of the court the necessity for setting the trial for a time within the period fixed by [section 583]." ' . . . This rule is well founded: the burden of keeping track of the relevant dates should properly fall on plaintiffs, because it is they who

have the interest, and the statutory duty under section 583.310, to timely prosecute their cases." (*Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 434 [41 Cal.Rptr.2d 362, 895 P.2d 469], citations omitted.)

■ But this is not to say that a trial court can dismiss a case *before* the five-year date just because the plaintiff's attorney misstates the statutory deadline. Indeed, the deadline used by the trial court in granting defendants' motion (July 7, 2003) was more than three months off the mark, and defendants' proffered deadline (May 14, 2003) was five months premature. In short, plaintiff's counsel's misstatement does not provide a basis for reversal. The five-year statute was not violated regardless of what he said.

Finally, defendants contend that, assuming the trial court erred in dismissing the case under the five-year statute, the trial court's order should be affirmed under the three-year statute on the ground that plaintiff did not diligently prosecute the case. (See §§ 583.410, 583.420, subd. (a)(2)(A).) But defendants did not move the trial court to dismiss the action on that ground. The language and statutory citations in defendants' notice of motion, the arguments in defendants' memorandum of points and authorities, and the trial court's order indicate that the five-year statute was the sole basis of the motion and the dismissal.

■ Unlike the five-year statute, which *mandates* dismissal if the deadline is missed (§§ 583.310, 583.360, subd. (b)), the three-year statute vests the trial court with *discretion* to dismiss a case (§ 583.410, subd. (a)). In ruling on a motion under the three-year statute, the trial court considers several factors, including the plaintiff's diligence in seeking to effect service of process, the diligence of the parties in pursuing discovery, the extent to which the parties have engaged in settlement discussions, and the nature of any extensions of time or other delay attributable to either party. (See Cal. Rules of Court, rule 373(e).)

" '[I]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court.' '[W]e ignore arguments, authority, and facts not presented and litigated in the trial court. Generally, issues raised for the first time on appeal which were not litigated in the trial court are waived. . . .' " (*Newton v. Clemons* (2003) 110 Cal.App.4th 1, 11 [1 Cal.Rptr.3d 90], fn. omitted.) "However, it is well settled that when the issue raises a pure question of law, . . . we may consider the issue for the first time on appeal." (*Gilliland v. Medical Board* (2001) 89 Cal.App.4th 208, 219 [106 Cal.Rptr.2d 863].)

■ The question of whether dismissal would be appropriate under the three-year statute is not one of pure law. On the contrary, the trial court must

exercise its discretion—based on several factors—in ruling on such a motion, and we in turn review the trial court's decision for an abuse of discretion. (§ 583.410, subd. (a); *Marra v. Mission Foods Corp.* (1993) 19 Cal.App.4th 724, 727 [23 Cal.Rptr.2d 741].) Accordingly, a motion under the three-year statute must be presented to the trial court in the first instance.

## III

## DISPOSITION

The order of dismissal is reversed. Appellant is entitled to costs on appeal.

Spencer, P. J., and Ortega, J., concurred.